# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re:**

KENNETH S. COURTNEY
and JOY N. COURTNEY,

**Debtors.**

**Bankruptcy Case
No. 08-00903-JDP**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Jeremy J. Gugino, Boise, Idaho, Chapter 7 Trustee

## Introduction

In this case the Court must determine whether a chapter $7^1$ trustee's proposal to compromise a preference claim with a creditor is fair, equitable, and in the best interests of the bankruptcy estate. Trustee

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

MEMORANDUM OF DECISION - 1

Jeremy J. Gugino seeks Court approval to compromise a preference claim in the approximate amount of $10,500 against Discover Financial Services ("Discover") for a cash payment of about $7,300.  Docket No. 26.  *See* Rule 9019.  The Court conducted a hearing on the motion, at which Trustee appeared; Discover did not appear at the hearing.  At the conclusion of the hearing, the Court took the motion under advisement.

After further review, the Court now determines that Trustee has not made an adequate showing that the compromise is fair and reasonable under the standards applicable in this Circuit, and that Trustee's request to approve the compromise must be denied.  *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

**Facts**

Debtors Kenneth and Joy Courtney filed a petition for relief under chapter 7 of the Bankruptcy Code on May 12, 2008.  Docket No. 1.  Prior to that time, on or around February 23, 2008, Debtors transferred a credit card balance of $10,499.66 from their Discover credit card to another credit card.  As part of the transfer, Discover received $10,449.66 from Citicard.  Trustee

MEMORANDUM OF DECISION - 2

made demand on Discover for the $10,449.66 as a preferential transfer. Following negotiations, the parties agreed to settle the matter for 70% of the demand, or $7,314.76.

## Discussion

"In the context of approving compromises, the Court occupies the important role of ensuring that settlements between bankruptcy estates and third parties are 'fair and equitable.'" *In re White*, 08.3 I.B.C.R. __, (Bankr. D. Idaho, August 19, 2008), *citing In re A & C Props.*, 784 F.2d at 1381; *Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson Entm't Group, Inc)*, 292 B.R. 415, 420 (9th Cir. B.A.P. 2003). In determining whether a proposed compromise is fair and equitable, the Court must consider:

> (a) the probability of success by the trustee in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection of any judgment recovered by the trustee; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Props.*, 784 F.2d at 1381.   As this Court has previously

MEMORANDUM OF DECISION - 3

explained, Trustee bears the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved. *In re Olson*, 06.3 I.B.C.R. 63, 64 (Bankr. D. Idaho 2006).

In his motion, and at the hearing, Trustee expressed confidence in his ability to prove the elements of an avoidable preference under § 547(b). However, Trustee acknowledged that Discover had represented to him that it could raise at least two potential defenses to his preference claim.[2] Notwithstanding these possible defenses, Trustee asserts that he would likely prevail if he were to sue Discover. *See* Docket No. 26. Based upon the Court's independent research, the defenses suggested by Trustee that Discover may raise appear to be contrary to the clear weight of the case

---

[2] Regarding these potential defenses, Trustee first referred to the judicially created "earmarking" defense, but quickly discounted that argument as not applicable to these facts. Next, Trustee identified two decisions from other bankruptcy courts that question whether credit card balance transfers involve the transfer of an interest of the debtor in property. *See Parks v. FIA Card Services (In re Marshall)*, 372 B.R. 511 (Bankr. D. Kan. 2007); *Loveridge v. The Ark of Little Cottonwood, Inc. (In re Perry)*, 343 B.R. 685 (Bankr. D. Utah 2005). However, because Discover has not appeared nor made any submissions in connection with Trustee's motion to support the proposed compromie, any attempts to surmise what defenses Discover might raise to a preference action is speculation.

MEMORANDUM OF DECISION - 4

law.  *See Meoli v. MBNA America Bank (In re Wells),* 382 B.R. 355 (6th Cir. B.A.P. 2008); *Parks v. Boeing Wichita Credit Union (In re Fox)*, 382 B.R. 800, 801 (Bankr. D. Kan. 2008) (explaining that "the vast majority of the opinions suggest that when a debtor uses a credit card to transfer the balance of another credit card, that transaction results in an avoidable preference.") (additional citations omitted).   The Court therefore agrees with Trustee's sentiment that he is likely to succeed if he sues Discover to recover this transfer.

Trustee also acknowledges that this is not a complex case.  Indeed, it would appear to be a straight-forward preference claim, with the only issue being whether the money transferred to Discover via the balance transfer was property of the debtors.  In addition, Trustee foresees little difficulty collecting if he obtains a money judgment against Discover.

To support the compromise, Trustee relies almost exclusively on the potential expense and delay inherent in a contest with Discover.  While it is undoubtedly true that time will be required to litigate with Discover (assuming Discover is indeed willing to invest its resources in defending

MEMORANDUM OF DECISION - 5

against such a claim), it is doubtful that prosecution of an avoidance action against Discover should be an expensive undertaking.  While any litigation may require time, or cost some money, Trustee has not shown that, to the creditors of this estate, the cost and delay likely outweigh the benefit of an enhanced recovery against Discover.

## Conclusion

On this record, and in the exercise of its discretion, the Court concludes Trustee has not shown that the proposed compromise is a fair and reasonable one.  Trustee's motion will therefore be denied by separate order.

Dated: September 3, 2008

---

Honorable Jim D. Pappas
United States Bankruptcy Judge